1

2                    UNITED STATES DISTRICT COURT

3                  NORTHERN DISTRICT OF CALIFORNIA

4

5    ZORAN S.,                          Case No.  18-cv-07672-JSC

6                  Plaintiff,

7          v.                           **ORDER RE: CROSS-MOTIONS FOR**
                                        **SUMMARY JUDGMENT**
8    NANCY A. BERRYHILL, Acting Comm'r
     of Soc. Sec. Admin.,               Re: Dkt. Nos. 20, 22
9
                   Defendant.
10

11          Plaintiff seeks social security benefits for a combination of physical and mental

12   impairments including stress and anxiety, post-traumatic stress disorder, and stomach pain due to

13   medications and stress.  In accordance with 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for

14   judicial review of the final decision by the Acting Commissioner of Social Security denying his

15   benefits claim.  Under 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a magistrate

16   judge and submitted requests for summary judgment.  (Dkt. Nos. 7, 9.)  Because the

17   Administrative Law Judge's decision denying Plaintiff benefits is supported by substantial

18   evidence and free of legal error, and Plaintiff did not timely raise his Appointments Clause

19   challenge, the Court DENIES Plaintiff's motion and GRANTS Defendant's cross-motion for

20   summary judgment.

21                              **BACKGROUND**

22          On March 24, 2015, Plaintiff filed applications for disability insurance benefits and

23   supplemental security income under Title II and Title XVI of the Social Security Act, alleging a

24   disability onset date of September 1, 2012.  (AR 15, 107, 115, 235, 244.)  At the time of the

25   alleged disability onset date, Plaintiff was 52 years of age.  (AR 29.)  He has at least a high school

26   education, is able to communicate in English, and became a U.S. citizen in 1999 after immigrating

27   to the U.S. in 1997.  (*Id.*)  Plaintiff's prior work experience includes two years of trade school

28

United States District Court
Northern District of California

1    training as a butcher, work as a train conductor, and training as an electrician for a job pulling

2    wire.  (AR 29–30.)  After his applications were denied initially and upon reconsideration, he

3    submitted a written request for a hearing before an Administrative Law Judge ("ALJ").  ALJ

4    Teresa L. Hoskins Hart held a hearing on November 6, 2017.  (AR 15, 66–106.)  At the hearing,

5    non-examining medical expert Dr. Nathan Strahl testified about his review of the complete

6    medical record; his agreement with Plaintiff's diagnoses of clinical depression, anxiety, and

7    PTSD; his opinion that Plaintiff's mental impairments caused only mild to moderate difficulties;

8    and his estimation that Plaintiff's functional limitations for basic work-related activities would

9    limit Plaintiff to "simple repetitive tasks characteristic of unskilled work . . . but involving co-

10   worker interactions no more than 70% of the time, no team tasks, and public contact no more than

11   33% of the time."  (AR 28, 70–81.)  On March 15, 2018, the ALJ issued a decision finding that

12   Plaintiff was not disabled.  (AR 16.)

13           In her decision, the ALJ found that Plaintiff had the severe impairments of major

14   depressive disorder, generalized anxiety disorder, post-traumatic stress disorder ("PTSD"), and a

15   history of alcohol abuse.  (AR 17.)  The ALJ also determined that these severe impairments "bring

16   about symptoms causing a limitation or restriction having more than a minimal effect on

17   [Plaintiff's] ability to do basic work activities . . . ."  (AR 18.)  But, the ALJ found that Plaintiff's

18   additional impairments of essential hypertension, hyperlipidemia, gastroesophageal reflux disease,

19   dental caries, and nicotine dependence either did not limit his ability to work or only minimally

20   limited his ability to work and thus were non-severe.  (*Id.*)  The ALJ concluded that Plaintiff's

21   severe and non-severe impairments—considered individually and in combination—did not meet

22   or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (AR

23   18–20.)  The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to:

24           perform a full range of work at all exertional levels with some non[-]exertional
             limitations.  The claimant is limited to the performance of simple repetitive tasks
25           characteristic of unskilled work at all reasoning levels that involves no more than
             frequent co-worker interactions, no team tasks, and no more than occasional public
26           contact.

27   (AR 20.)

28           After the ALJ's decision, Plaintiff filed a request for review with the Appeals Council that

United States District Court
Northern District of California

United States District Court
Northern District of California

1   was denied, making the ALJ's decision final.  (AR 1–3.)  After the Appeals Council denied

2   Plaintiff's request, Plaintiff sought review in this Court.  (Dkt. No. 1.)  In accordance with Civil

3   Local Rule 16-5, the parties filed cross-motions for summary judgment, which are now ready for

4   decision without oral argument.  (Dkt. Nos. 20, 22.)

5                                   **ISSUES FOR REVIEW**

6      1.  Did the ALJ err by failing to properly weigh certain medical opinion evidence?

7      2.  Did the ALJ err by failing to include a limitation to adaptation in the RFC?

8      3.  Did the ALJ's appointment violate the U.S. Constitution's Appointments Clause?

9                                    **LEGAL STANDARD**

10          Claimants are considered disabled under the Social Security Act if they meet two

11   requirements.  *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

12   First, the claimant must demonstrate an "inability to engage in any substantial gainful activity by

13   reason of any medically determinable physical or mental impairment which can be expected to

14   result in death or which has lasted or can be expected to last for a continuous period of not less

15   than 12 months."  42 U.S.C. § 423(d)(1)(A).  Second, the impairment or impairments must be

16   severe enough that they are unable to do their previous work and cannot, based on age, education,

17   and work experience "engage in any other kind of substantial gainful work which exists in the

18   national economy."  42 U.S.C. § 423(d)(2)(A).  In determining disability, an ALJ employs a five-

19   step sequential analysis, examining:

20          (1) whether the claimant is doing substantial gainful activity; (2) whether the
            claimant has a severe medically determinable physical or mental impairment or
21          combination of impairments that has lasted for more than 12 months; (3) whether the
            impairment meets or equals one of the listings in the regulations; (4) whether, given
22          the claimant's residual functional capacity, the claimant can still do his or her past
            relevant work; and (5) whether the claimant can make an adjustment to other work.
23
24   *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (internal quotation marks omitted).

25          An ALJ's "decision to deny benefits will only be disturbed if it is not supported by

26   substantial evidence or it is based on legal error.  Substantial evidence means such relevant

27   evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burch v.*

28   *Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted).

                                              3

United States District Court
Northern District of California

1    Where evidence is "susceptible to more than one rational interpretation," a reviewing court must

2    uphold the ALJ's findings. *Id.* In other words, "[i]f the evidence can reasonably support either

3    affirming or reversing, the reviewing court may not substitute its judgment for that of the [ALJ]."

4    *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and

5    citation omitted). But, "a decision supported by substantial evidence will still be set aside if the

6    ALJ did not apply proper legal standards." *Id.*

7                                                **DISCUSSION**

8    **A.  The ALJ's Weighing of the Medical Opinion Evidence**

9            In assessing medical opinion evidence, Ninth Circuit courts must "distinguish among the

10   opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2)

11   those who examine but do not treat the claimant (examining physicians); and (3) those who neither

12   examine nor treat the claimant (non[-]examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830

13   (9th Cir. 1995). A treating physician's opinion is entitled to more weight than that of an

14   examining physician, and an examining physician's opinion is entitled to more weight than that of

15   a non-examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "[T]he opinion of

16   an examining [physician], even if contradicted by another [physician], can only be rejected for

17   specific and legitimate reasons that are supported by substantial evidence in the record," and the

18   ALJ "must provide clear and convincing reasons for rejecting the uncontradicted opinion of an

19   examining physician." *Lester*, 81 F.3d at 830–31 (internal quotation marks omitted). And, "[a]n

20   impairment or combination of impairments may be found not severe only if the evidence

21   establishes a slight abnormality that has no more than a minimal effect on an individual's ability to

22   work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks omitted).

23           Plaintiff challenges the ALJ's weighing of the opinions of treating physician Dr.

24   Jarczewski and non-examining physician Dr. Strahl and contends that: (1) the ALJ's assigning

25   partial weight to Dr. Jarczewski's opinion was not based on substantial evidence because the ALJ

26   misinterpreted the evidence; and (2) the ALJ's assigning substantial weight to Dr. Strahl's

27   opinion—only mild to moderate mental limitations—is erroneous in light of Dr. Strahl's own

28   testimony.

                                                        4

1

**1) Dr. Adam Jarczewski**

In affording Dr. Jarczewski's opinion partial weight, the ALJ focused primarily on inconsistencies between the evidence in the record and Dr. Jarczeweski's June 2017 Mental Residual Functional Capacity Questionnaire that diagnosed Plaintiff with major depressive disorder and PTSD.  (AR 27, 498.)  Regarding the various mental abilities and aptitudes needed to do unskilled, semiskilled, or skilled work, in the questionnaire Dr. Jarczewski also rated Plaintiff as either: limited; seriously limited, but not precluded; or unable to meet competitive standards.  (AR 499–501.)  He further opined that Plaintiff would need to be absent from work more than four days per month and require up to four unscheduled breaks of 15 minutes each during an eight-hour workday.  (AR 499–501.)  The ALJ gave five reasons for affording partial weight to Dr. Jarczewski's opinion that Plaintiff had serious limitations: (1) it was partially inconsistent with Dr. Strahl's testimony that Plaintiff had no marked limitations; (2) it was partially inconsistent with both the mental health treatment records as a whole and Dr. Jarczewski's own treatment notes in particular; (3) it was inconsistent with Plaintiff's wide range of daily living activities; (4) it was largely based on Plaintiff's subjective complaints from a lone visit six months prior to the ALJ hearing; and (5) it was inconsistent with Plaintiff's gaps in mental health treatment and periods of non-compliance with prescribed medication.  (AR 27.)

First, the ALJ's finding that Dr. Jarczewski's opinion was inconsistent with the opinion of Dr. Strahl is a specific and legitimate reason for discounting Dr. Jarczewski's opinion.  "When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict.  Greater weight must be given to the opinion of treating physicians, and in the case of a conflict the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician." *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citations and internal quotation marks omitted).  As discussed further below, the ALJ relied heavily on Dr. Strahl's opinion because he was the only medical source to both review all of the medical evidence in the record and provide an assessment of Plaintiff's ability to complete work-related tasks.  (AR 75–76.)  Dr. Strahl testified that Plaintiff could perform simple, repetitive tasks so long as he had limited interaction with others, (AR 75–76), and the ALJ found this opinion to

1    be inconsistent with Dr. Jarczewski's assessment that Plaintiff was so limited he could not work.

2         Second, the ALJ did not err in finding Dr. Jarczewski's opinion of Plaintiff's severe

3    limitations partially inconsistent with the many prior examinations of Plaintiff by various

4    physicians, including Dr. Jarczewski, which the ALJ described as "largely unremarkable." (AR

5    23–27.) The ALJ conducted an extensive, detailed, and thorough review of the medical records

6    from Santa Clara Valley Medical Center and associated clinics and made numerous findings on

7    Plaintiff's treatment from 2012 through 2017. (*Id.*) For example, the ALJ documented a number

8    of treatment sessions showing Plaintiff as either having no psychiatric symptoms or not taking

9    prescribed medication:

10   • June 2012: Plaintiff sought treatment from Dr. Mark Sanders for hypertension and anxiety

11     and was diagnosed with anhedonia; his affect, judgment, attention span, and concentration

12     were all found to be normal with no suicidal ideation. (AR 442–43);

13   • January 2013: Plaintiff returned to Dr. Sanders, again seeking treatment for depression,

14     however, Dr. Sanders opined that Plaintiff had appropriate interactions and did not display

15     psychiatric symptoms. (AR 401–03);

16   • December 2014: Plaintiff saw Dr. Anna Hui and presented for treatment with complaints

17     of depression and anxiety but indicated that he was not taking his prescribed medication.

18     (AR 384);

19   • January 2015: A second visit with Dr. Hui occurred and Plaintiff was again encouraged to

20     follow up with mental health treatment. (AR 389);

21   • February and March 2015: Two additional visits with Dr. Hui where both times she

22     directed Plaintiff to establish care with a psychiatrist, yet the record does not show any

23     corresponding psychiatric treatment note. (AR 390–96);

24   • April 2015: Dr. Suzanna Freerksen conducted a mental status examination of Plaintiff,

25     which showed no evidence of auditory or visual hallucinations, delusions, or suicidal or

26     homicidal ideations and the treatment notes indicate Plaintiff again declined

27     psychotherapy. (AR 417–22);

28   • May 2015: Dr. Freerksen conducted another mental status examination, which showed

1    identical results from the previous mental status examination—no evidence of auditory or

2    visual hallucinations, delusions, or suicidal or homicidal ideations.  (AR 422–27.)

3        The ALJ even found Dr. Jarczewski's own treatment notes to be "mostly unremarkable"

4    because they primarily showed "no serious mental status observations and generally positive

5    response to medication without significant side effects."  (AR 27.)  The ALJ then detailed five

6    separate visits with Dr. Jarczewski between June 2015 and March 2017, where either Plaintiff's

7    condition improved with medication or Plaintiff was not experiencing auditory or visual

8    hallucinations.  (AR 24–25, 428, 468, 477, 480, 487.)

9        Third, the ALJ did not err in finding Dr. Jarczewski's opinion of Plaintiff's extreme

10   limitations inconsistent with Plaintiff's activities of daily living because an ALJ may discount a

11   physician's opinion where it is inconsistent with a claimant's level of activity.  *See Ghanam v.*

12   *Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, the ALJ found Plaintiff was able to provide

13   for himself, apply for low-income housing, navigate medical benefits through county services,

14   drive a car, and maintain longstanding relationships.  (AR 27, 87, 90–92, 97–98, 410, 418.)  Even

15   after Plaintiff first alleged hallucinations and perceptual disturbances—six months prior to the

16   ALJ hearing—he reported no change in his self-care and was still managing to provide for

17   himself.  (AR 25, 27, 463.)  Dr. Jarczewski's treatment notes also corroborate the lack of change

18   in daily activities; a month after first claiming hallucinations, Plaintiff reported an improved mood

19   due to medication and continued activity, including playing soccer.  (AR 459, 461.)

20       Fourth, the ALJ did not err in finding that Dr. Jarczewski's opinion of Plaintiff's severe

21   restrictions was predicated largely on Plaintiff's subjective complaints from only six months prior

22   to the ALJ hearing and was therefore inconsistent with the total medical record, (AR 27), because

23   "a claimant's self-serving statements may be disregarded to the extent they are unsupported by

24   objective findings."  *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) ("Inconsistencies in

25   [plaintiff's] testimony supported a decision by the ALJ that [plaintiff] lacked credibility.")  Here,

26   as discussed above, the ALJ found the medical record to be largely unremarkable and inconsistent

27   with both Dr. Jarczewski's opinion and Plaintiff's subjective statements.  In the June 2017 Mental

28   Residual Functional Capacity Questionnaire, Dr. Jarczewski opined that Plaintiff had the above

United States District Court
Northern District of California

7

1    discussed limitations since 2005; this opinion being based solely on Plaintiff suffering a panic

2    attack in 2005 and thus realizing the seriousness of his symptoms.  (AR 501.) ("[Q:] Why this

3    date?  Patient for the time [sic] realized seriousness of his symptoms.  (first panic attack).")  But

4    the ALJ found this opinion inconsistent with the fact that Dr. Jarczewski did not begin treating

5    Plaintiff until June 2015, ten years later.  (AR 507.)  Notably, Plaintiff does not challenge the

6    ALJ's conclusion that Plaintiff's subjective symptom testimony was not fully supported, and

7    courts need not address issues that Plaintiff "failed to argue with any specificity in his briefing."

8    *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

9          Finally, the ALJ did not err in considering Plaintiff's lack of mental health treatment

10    because an ALJ may consider lack of treatment in determining a plaintiff's credibility.  *Burch*, 400

11    F.3d at 681.  The ALJ found that since the alleged onset date—September 1, 2012—Plaintiff had

12    long periods with either minimally prescribed medications, no treatment whatsoever, or resistance

13    to increases in medication dosage and psychotherapy when Plaintiff made subjective complaints.

14    (AR 27.)  As discussed earlier, the ALJ detailed the numerous treatment notes where Plaintiff was

15    not following his prescribed course of treatment and found the inconsistencies between Plaintiff's

16    claimed symptoms, the objective medical evidence, Plaintiff's wide range of daily activities, and

17    the gaps in treatment all supported discounting Plaintiff's subjective symptom reports and the

18    opinion evidence based on said reports.

19          Plaintiff contends that Dr. Jarczewski's opinion should have been given more weight

20    because the medical record was not unremarkable and the ALJ mistook Plaintiff's daily activities

21    as indicative of a less than serious impairment.  The Court disagrees.  The ALJ gave specific and

22    legitimate reasons for discounting Dr. Jarczewski's opinion.  (*Id.*)  Plaintiff does not dispute any

23    specific medical evidence in the record and does not challenge many of the valid reasons the ALJ

24    gave for discounting Dr. Jarczewski's opinion; instead, Plaintiff argues the ALJ's interpretation of

25    the evidence is improper.  This challenge is unavailing because where evidence is susceptible to

26    more than one interpretation the Court is required to defer to the ALJ's interpretation.  *Burch*, 400

27    F.3d at 679.  Moreover, the ALJ supported his weighing of Dr. Jarczewski's opinion by

28    documenting the primary care physician treatment notes from 2012 through 2014 plus the

1   psychiatric treatment notes from 2015 through early 2017 and finding that "[t]aken as a whole,

2   [the] records are not consistent with [Plaintiff's] reported functional limitations." (AR 22–29.)

3       Accordingly, the ALJ provided specific and legitimate reasons supported by substantial

4   evidence for discounting Dr. Jarczewski's opinion.

5       **2) Drs. Nathan Strahl and Maria Antoinette Acenas**

6       The ALJ gave substantial weight to Dr. Strahl's opinion that Plaintiff had only mild to

7   moderate restrictions with regard to the Paragraph B criteria because, as discussed earlier, it was

8   consistent with the medical record that the ALJ found "largely unremarkable." (AR 27–28.) The

9   ALJ also weighed Dr. Strahl's opinion based on his status as a medical expert who had the

10  opportunity to review the entire record, was available for examination as to his assessment, and is

11  familiar with Social Security Administration rules and regulations.

12      Plaintiff does not challenge the ALJ's assigning substantial weight to Dr. Strahl's opinion.

13  Plaintiff also does not challenge the ALJ's assigning partial weight to Dr. Acenas' opinion.

14  Instead, Plaintiff highlights Dr. Strahl's testimony that if Dr. Acenas' opinion was not weighted

15  heavily then Plaintiff would meet one of the listed impairments. Plaintiff then argues that the ALJ

16  was required to find Plaintiff met one of the listed impairments because she assigned only partial

17  weight to Dr. Acenas' opinion and therefore did not weigh Dr. Acenas' opinion heavily. The

18  Court disagrees for two reasons.

19      First, Plaintiff's distillation of Dr. Strahl's testimony omits all qualifications and

20  equivocations, transforming his measured statement into one with absolute certitude. Here,

21  Plaintiff asserts Dr. Strahl declared that "if the ALJ did not weigh Dr. Acenas' report heavily, then

22  Listings 12.03, 12.04 and 12.15 would be equaled." (Dkt. No. 20 at 15.) But, a careful reading of

23  Dr. Strahl's testimony does not show any such declaration. When asked whether he considered

24  the medical opinions of Drs. Acenas, Jarczewski, and Hui, Dr. Strahl testified:

25          I did and I indicated in my direct that [Drs. Jarczewski and Hui] give more serious
            deficits than does [Dr. Acenas] and what I did . . . is to weigh equally all the
26          documentation . . . and it is not my decision . . . to weigh . . . or not weigh heavily
            [Dr. Acenas' opinion]—then we have a different scenario where the listing would
27          likely be met.

28              . . . .

> I can't ignore [Dr. Acenas' opinion]. . . . I get in a report in [Dr. Acenas' opinion] that says there is absolutely no limitation for simple, detailed complex or interaction. I'm not capable. I'm not able to ignore that . . . .

(AR 77–78.) The ALJ did not err in not interpreting this testimony as meaning that if Dr. Acenas' opinion is not weighed heavily then Plaintiff satisfies the Listings.

Second, even if the Court were to accept Plaintiff's interpretation of Dr. Strahl's testimony, an ALJ is not required to accept the entirety of an expert witnesses' testimony to afford that testimony substantial weight. *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). In other words, even if Dr. Acenas' had testified that if the ALJ did not weigh Dr. Acenas' testimony heavily that Plaintiff would meet one of the listed impairments, the ALJ was not required to accept that opinion. Thus, the ALJ did not err and provided substantial evidence for assigning substantial weight to Dr. Strahl's opinion.

*** 

In sum, there were conflicting medical opinions in the record, with Dr. Acenas finding no limitations, Dr. Jarczewski finding Plaintiff so limited he could not work, and Dr. Strahl, who considered both of these opinions as well as all the other evidence in the record, concluding that Plaintiff could perform simple, repetitive tasks with limited interaction with others. The ALJ properly evaluated the evidence in the record and her weighing of all the medical opinion evidence was supported by substantial evidence and did not involve legal error.

**B. The ALJ's RFC Determination**

The ALJ based Plaintiff's RFC on, as discussed above, the substantial weight given to the opinion of Dr. Strahl, the consistency between Dr. Strahl's opinion and the medical record, Plaintiff's reported activities of daily living, and inconsistencies in Plaintiff's subjective symptom reports. Plaintiff challenges the ALJ's RFC determination because the ALJ failed to include any limitation in the RFC regarding adaptation in the workplace and rehashes his arguments regarding the ALJ's weighing of the medical evidence. Because the Court finds the ALJ's weighing of the medical evidence was not in error, substantial evidence supports the RFC finding.

**C. Plaintiff's Appointments Clause Claim**

Plaintiff, citing *Lucia v. Sec. and Exch. Comm'n*, seeks a remand of this case and contends

United States District Court
Northern District of California

1    that the ALJ who presided over his case was not appointed in accordance with the Appointments

2    Clause of the U.S. Constitution.  138 S. Ct. 2044 (2018); U.S. Const. art. II, § 2, cl. 2.  (Dkt. No.

3    20 at 16–17.)  The Appointments Clause is the only means of appointing "Officers of the United

4    States."  U.S. Const. art. II, § 2, cl. 2.  While principal officers must be nominated by the President

5    and confirmed by the Senate, Congress may vest the appointment of inferior officers "in the

6    President alone, in the Courts of Law, or in the Heads of Departments."  *Id.*  In *Lucia*, the

7    Supreme Court applied the "significant authority" test for distinguishing inferior officers from

8    employees and held that ALJs at the Securities and Exchange Commission qualified as officers of

9    the United States.  *Id.* at 2049, 2052–53 (holding that to qualify as an officer, rather than an

10   employee, an individual must both occupy an ongoing position that is established by statute and

11   exercise significant authority under the laws of the United States).

12          Defendant neither disputes that *Lucia* applies to Social Security Administration ALJs nor

13   contests that, at the time of Plaintiff's hearing, the ALJ who presided over Plaintiff's case had not

14   been properly appointed in accordance with the Appointments Clause.  Instead, Defendant argues

15   that Plaintiff forfeited his Appointments Clause argument by not raising it at any point in the

16   administrative process.  (Dkt. No. 22 at 22–30.)

17          Appointments Clause challenges are not jurisdictional and may be waived or forfeited by a

18   party's failure to raise such a challenge during the administrative process.  *See Freytag v. Comm'r*,

19   501 U.S. 868, 878–79 (1991) (noting that Appointments Clause challenges are "nonjurisdictional

20   structural constitutional objections"); *Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179,

21   1189–90 (9th Cir. 2016); *see also Lucia*, 138 S. Ct. at 2055 ("[O]ne who makes a timely challenge

22   to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to

23   relief.") (internal quotation marks omitted).  In the Ninth Circuit, a claimant "must raise all issues

24   and evidence at their administrative hearings in order to preserve them on appeal."  *Meanel v.*

25   *Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999); *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th

26   Cir. 2017) ("*Meanel* therefore remains binding on this court with respect to proceedings before an

27   ALJ.")  Thus, to be timely raised, an Appointments Clause challenge must be raised before the

28   administrative agency.  *See Zumwalt v. Nat'l Steel and Shipbuilding Co.*, 796 F. App'x 930, 931–

United States District Court
Northern District of California

11

32 (9th Cir. 2019) (holding Appointments Clause challenge was forfeited when not timely raised before the Department of Labor Benefits Review Board); *Cooper v. U.S. Sec. and Exch. Comm'n*, 788 F. App'x 474, 474–75 (9th Cir. 2019) (holding Appointments Clause challenge was barred when not timely raised before the SEC); *Bussanich v. Ports Am.*, 787 F. App'x 405, 405–06 (9th Cir. 2019) (holding Appointments Clause challenge was forfeited when not timely raised before the Department of Labor Benefits Review Board); *Kabani & Co., Inc. v. U.S. Sec. and Exch. Comm'n*, 733 F. App'x 918, 919 (9th Cir. 2018) (holding Appointments Clause claim forfeited when not raised in briefs or before the agency).

Plaintiff's argument that this appeal is the first time he had the opportunity to raise this issue is without merit. While his ALJ hearing and request for review of the ALJ's hearing decision were made before *Lucia* was decided, that did not bar Plaintiff—who was represented by counsel—from raising the legal challenge. By waiting until after receiving an unfavorable result to raise the issue with this Court, Plaintiff has forfeited his Appointments Clause challenge.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's motion and GRANTS Defendant's cross-motion for summary judgment.

This Order disposes of Docket Nos. 20 and 22.

**IT IS SO ORDERED.**

Dated: December 17, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

12